UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAY FOSTER., et al.,

        Plaintiff,

vs.

JAMES D. LITTERAL

        Defendant.

Case No. 1:13-cv-255

Magistrate Judge Bowman

**MEMORANDUM OPINION**

Plaintiffs Jay and Bonny Foster filed the instant action on April 18, 2013, asserting claims for excessive force, pursuant 42 U.S.C. § 1983, as well as state law claims for battery against Defendant James Litteral. (Doc. 1). Plaintiffs' complaint arises out of an altercation between Plaintiff and Defendant.

This action is now before the Court on Defendant James Litteral's motion to dismiss Plaintiffs' complaint pursuant to Rule 12(b)(1) (Doc. 5) and Plaintiff's memorandum *contra*. (Doc. 6). The parties have consented to the exercise of jurisdiction by the Magistrate Judge pursuant to 28 U.S.C. § 636(c). (*See* Doc. 8). For the reasons set forth herein, the undersigned finds that Defendant's motion to dismiss is not well-taken.

**I.    Factual Allegations**

Plaintiffs' complaint alleges the following:

Plaintiffs Jay and Bonny Foster are residents of Portsmith, Ohio. Defendant James D. Litteral was a special deputy with the Scioto County Sheriff's Office. At all times relevant to this action, Defendant Litteral was acting under color of state law.

1

On April 17, 2012, Defendant's sister-in-law, Dorcas Litteral and her three children came to stay with Plaintiffs for a few days, in fear for her safety and the safety of her children.

On the afternoon of April 19, 2012, Plaintiff Jay Foster was in his back yard speaking with his neighbor. As Mr. Foster talked to his neighbor, three men, including Defendant Litteral ran around the backside of his house. Mr. Foster then attempted to discover what the men were doing and followed the men into the house through the back door. Shortly after entering the home, Mr. Foster was thrown against the wall by Defendant Litteral, who later identified himself as a Scioto County Sheriff's Deputy.

Mr. Foster requested to see the warrant to search his home. Defendant Litteral responded with an elbow to Mr. Foster's chest and told Mr. Foster that he did not need a warrant as he was under the full authority of the Scioto County Sheriff's Department. Mr. Foster repeated his request for a warrant and Mrs. Foster told Defendant Litteral to get off Mr. Foster because he had recently undergone open heart surgery.

Mr. Foster freed himself from Defendant Litteral's grip and secured his pistol and stun-gun from his bedroom. He then forced Defendant Litteral and the other intruders out of his house. As Defendant Litteral left the property, he yelled "I'm a sheriff's deputy" as he flashed his badge and ran away.

All three men went into a Blue SUV that was parked in the driveway, where they stayed until other members of the Sheriff's Department arrived. Deputy Sissel arrived and confiscated all weapons. Mrs. Foster then called an ambulance because Mr. Foster was in a significant amount of pain. The excessive forced used upon Mr. Foster

caused pain, complicated his medical condition, and continues to cause emotional distress.

Based upon the foregoing, Plaintiffs complaint states two causes of action against Defendant Litteral: Count I, use of excessive force in violation of the Fourth Amendment; and Count II, Battery pursuant to Ohio state law.  In light of Plaintiffs' allegation that Defendant Litteral was acting under color of state law, Plaintiffs assert jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367 for claims based under 42 U.S.C. § 1983.

Defendant now moves to dismiss this action for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure Rule 12(B)(1).  Notably, Defendant asserts that at the time of the incident in question, he was an unpaid, volunteer "special deputy" with the Scioto County Sheriff's Office and was not acting in the capacity of a "special deputy" in any form whatsoever at the time of the incident, and thus subject-matter jurisdiction is not proper in this Court.

**II.   Analysis**

**A.  Standard of Review**

Rule 12(b)(1) provides that an action may be dismissed for "lack of subject-matter jurisdiction." Fed.R.Civ.P. 12(b)(1). Plaintiffs bears the burden of proving jurisdiction when challenged by a Rule 12(b)(1) motion. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir.1990) (citing *Rogers v. Stratton Indus., Inc.,* 798 F.2d 913, 915 (6th Cir.1986)).  "[T]he plaintiff must show that the complaint alleges a claim under federal law, and that the claim is substantial." *Mich. S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir.2002)

(internal quotations omitted) (quoting *Musson Theatrical, Inc. v. Fed. Express Corp.,* 89 F.3d 1244, 1248 (6th Cir.1996)). "The plaintiff will survive the motion to dismiss by showing 'any arguable basis in law' for the claims set forth in the complaint." *Id.* (quoting *Musson Theatrical,* 89 F.3d at 1248).

The Sixth Circuit has distinguished between facial and factual attacks among motions to dismiss for lack of subject matter jurisdiction. *Pritchard*, 210 F.R.D. at 592. A facial attack on the subject matter jurisdiction alleged by the complaint merely questions the sufficiency of the pleading. *Ohio Nat. Life Ins. Co. v. U.S.*, 922 F.2d 320, 325 (6th Cir.1990). In reviewing such a facial attack, a trial court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss. *Id.* On the other hand, a factual attack is "not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir.1994). "On such a motion, no presumptive truthfulness applies to the factual allegations ... and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* (citing *Ohio Nat. Life Ins. Co.*, 922, F.2d at 325)

    **B.**    **Defendant's motion to dismiss is not well-taken**

To succeed on a claim for a violation of § 1983, a plaintiff must show that (1) a person (2) acting under color of law (3) deprived him of his rights secured by the United States Constitution or its laws. *Berger v. City of Mayfield Heights*, 265 F.3d 399, 405 (6th Cir.2001). Thus, section 1983 is generally not implicated unless a state actor's conduct occurs in the course of performing an actual or apparent duty of his office, or unless the conduct is such that the actor could not have behaved as he did without the

authority of his office. *See West v. Atkins*, 487 U.S. 42, 49-50 (1988) ("The traditional definition of acting under color of state law requires that the defendant ... exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.") (internal citation and quotation marks omitted).

Here, Defendant contends that despite being a "special deputy" at the time of the incident, Defendant was not acting under color of state law in his volunteer position of "special deputy", but merely acting as an individual trying to help his family in a time of need. In support of this assertion, Defendant maintains that during the relevant period, he was in his personal vehicle and wearing plain clothing as opposed to a "special deputy" uniform. Defendant further asserts that the Complaint explicitly states: "[Plaintiff] had no reason to believe they were law enforcement officers by their appearance or his knowledge." (Doc. 1, ¶ 10). Because Defendant was not present at Plaintiffs' property that day as a "special deputy," it cannot be said that he was "acting under color of state law." As such, Defendant maintains that the Court lacks subject-matter jurisdiction to hear this matter as there is no federal question present and therefore Plaintiffs' Complaint must be dismissed.

Contrary to Defendant's assertion, the Complaint clearly alleges that Defendant: "identified himself as a Scioto County Sheriff's Deputy;" "yelled I'm a sheriff's deputy, as he flashed his badge" and stated that "he did not need a warrant because he was under full authority of the Scioto County Sheriff's Department." (Doc. 1, ¶11, 12, 17). As noted by Plaintiffs, special deputies are appointed under Ohio Revised Code 311.04

5

which empowers a county sheriff to appoint deputy sheriffs. Thus, special deputies are given authority to act under color of state law.

Notably, courts have held that off-duty officers act under color of state law when they purport to exercise official authority. Such manifestations of official authority include flashing a badge, identifying oneself as a police officer, placing an individual under arrest, or intervening in a dispute between third parties pursuant to a duty imposed by police department regulations. *See Layne v. Sampley*, 627 F.2d 12, 13 (6th Cir.1980); *Stengel v. Belcher*, 522 F.2d 438, 441 (6th Cir.1975).

In light of the foregoing and taking the allegations in the complaint as true, Plaintiffs' complaint clearly contains sufficient factual allegations to allege federal claim under §1983, *i.e.* that Defendant violated the constitutional rights of the Plaintiffs and did so under color of state law. As noted by Plaintiffs, the undersigned agrees that Defendant's challenges to Plaintiffs' complaint require the Court to make factual determinations that are premature and improper at this stage in the litigation.

### III. Conclusion

For the reasons stated herein, **IT IS ORDERED THAT** Defendant's motion to dismiss (Doc. 5) is **DENIED**

    *s/Stephanie K. Bowman*
    Stephanie K. Bowman
    United States Magistrate Judge